■ NADER ALTINMA, Respondent-Appellant, v EAST 72ND GARAGE CORP., Respondent-Appellant, and ACE OVERHEAD GARAGE DOOR, INC., et al., Defendants and Third-Party Plaintiffs Appellants-Respondents. GLENWOOD MANAGEMENT CORP., Third-Party Defendant Appellant-Respondent; HUMPHREY MAN-LIFT CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [865 NYS2d 109]—

In an action to recover damages for wrongful death, etc., (1) the defendant and third-party plaintiff, Ace Overhead Garage Door, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), entered November 22, 2006, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, (2) the defendant and third-party plaintiff, Charles Calderone Associates, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (3) the third-party defendant, Glenwood Management Corp., separately appeals from the same order, (4) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant East 72nd Garage Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and granted the motion of the third-party defendant Humphrey Man-Lift Corp. for summary judgment dismissing the second third-party complaint, and (5) the defendant East 72nd Garage Corp. separately cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing all cross claims for contribution and indemnification insofar as asserted against it.

Ordered that the separate appeal by Glenwood Management Corp. is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by Ace Overhead Garage Door, Inc., and Charles Calderone Associates, Inc., on the law, without costs or disbursements, the motion of Ace Overhead Garage Door, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted and the cross motion of Charles Calderone Associates, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

On January 9, 2000, the plaintiff's decedent, Lafortune Altinma, sustained fatal injuries when he was allegedly pinned

beneath a single-person vertical transportation device known as "man-lift" at the Somerset Garage in Manhattan. There were no witnesses to the accident.

The plaintiff commenced this action against the defendant East 72nd Garage Corp. (hereinafter East 72nd Garage), which held a license for the Somerset Garage, Ace Overhead Garage Door, Inc. (hereinafter Ace), which repaired the man-lift on an "as-needed" basis prior to the accident, and Charles Calderone Associates, Inc. (hereinafter Calderone), which performed annual inspections of the man-lift pursuant to Local Law No. 10 (1981) of City of New York. The plaintiff also commenced a separate action, under a separate index number, against Humphrey Man-Lift Corp. (hereinafter Humphrey), the manufacturer of the lift, sounding in, inter alia, strict products liability. Calderone commenced a third-party action against Glenwood Management Corp. (hereinafter Glenwood), the managing agent for the Somerset Garage. Glenwood commenced a second third-party action against Humphrey. Ace commenced a third third-party action against Glenwood and East 72nd Realty, LLC, which owned the premises and equipment at Somerset Garage.

The Supreme Court erred in denying Ace's motion for summary judgment dismissing the complaint insofar as asserted against it. Ace demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it owed no duty of care to the decedent (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 256-257 [2007]; *Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) as to whether Ace, in allegedly failing to exercise reasonable care in the performance of its duties, "launch[ed] a force or instrument of harm" (*see Church v Callanan Indus.*, 99 NY2d at 111 [citations omitted]; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140). The Supreme Court's determination that, among other things, an issue of fact existed as to whether Ace negligently failed to warn the decedent's employers regarding man-lift or elevator inspection requirements, arising from certain statutory and industry standards, amounts to a finding that Ace merely may have failed to become "an instrument for good," which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

Likewise, the Supreme Court erred in denying Calderone's cross motion for summary judgment dismissing the complaint

and all cross claims insofar as asserted against it. In opposition to Calderone's showing that it owed no duty of care to the decedent by virtue of its contract to inspect the man-lift, the plaintiff failed to raise a triable issue of fact as to whether Calderone "launch[ed] a force or instrument of harm" or whether the inspection contract entirely displaced the decedents' employers' duty to maintain the premises safely (*Church v Callanan Indus.*, 99 NY2d at 111-112; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140). As with the plaintiff's arguments addressed to Ace, her contention that Calderone failed to warn the decedent's employers regarding certain statutory requirements and industry standards for the inspection of man-lifts or elevators was insufficient to raise a triable issue of fact. Moreover, the contention that Calderone negligently inspected the man-lift is insufficient to raise a triable issue of fact, since the plaintiff submitted no evidence that Calderone's inspection made the man-lift less safe than it was beforehand (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257).

The Supreme Court properly awarded summary judgment dismissing the complaint insofar as asserted against the defendant East 72nd Garage on the ground that it was barred by Workers' Compensation Law § 11. "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no one is decisive" (*id.* at 558). One such factor, to which the Court of Appeals has assigned particular weight, "focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*id.*). Here, East 72nd Garage demonstrated, prima facie, that the decedent was hired and trained by Glenwood, but later transferred to Somerset Garage to work under the direction and control of East 72nd Garage employees. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d at 562). Accordingly, the Supreme Court properly held that the decedent's receipt of workers' compensation benefits from Glenwood precluded the plaintiff's action against East 72nd Garage (*see Croche v Wyckoff Park Assoc.*, 274 AD2d 542 [2000]). Consequently, inasmuch as the decedent sustained a "grave injury" within the meaning of Workers' Compensation Law § 11, that branch of East 72nd Garage's motion which was for summary judgment dismissing cross claims asserted against it for indemnification and/or contribution was properly denied (*cf. Pineda v 79 Barrow St. Owners Corp.*, 297 AD2d 634 [2002]).

Finally, the Supreme Court properly granted Humphrey's mo-

tion for summary judgment dismissing the second third-party complaint, which was based on a theory of strict products liability. In opposition to Humphrey's prima facie demonstration of entitlement to judgment as a matter of law, no party raised a triable issue of fact as to whether Humphrey marketed a product which was not reasonably safe, and whether its allegedly defective design was a substantial factor in causing the plaintiff's injury (*see McAllister v Raymond Corp.,* 36 AD3d 768 [2007]). We note that the plaintiff's proffer of evidence that the decedent's accident may have occurred when a foreign object became lodged in one of the man-lift's safety devices is not only speculative and unsupported by the record, but also amounts to a claim that the man-lift could have been made safer, which is insufficient to raise a triable issue of fact (*see Aparicio v Acme Am. Repair, Inc.,* 33 AD3d 480 [2006]). As correctly noted by the Supreme Court, Humphrey "did not have a duty to design invincible, fail-safe, and accident-proof products" (*Mayorga v Reed-Prentice Packaging Mach. Co.,* 238 AD2d 483, 484 [1997]). Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur. [*See* 13 Misc 3d 1235(A), 2006 NY Slip Op 52129(U).]