■ KARL BAUERLEIN et al., Respondents-Appellants, et al., Plaintiff, v SALVATION ARMY et al., Respondents-Appellants, ALLIANCE ELEVATOR GROUP, LLC, Also Known as AEG, LLC, et al., Respondents, LANDMARK ELEVATOR CONSULTANTS, INC., Defendant/Second Third-Party Defendant-Respondent-Appellant, INCLINATOR COMPANY OF AMERICA, INC., Defendant/Second Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. ALLIANCE ELEVATOR COMPANY, Third-Party Plaintiff/Second Third-Party Defendant-Respondent-Appellant; P.M. ASSOCIATES, Third-Party Defendant/Second Third-Party Defendant-Respondent; SCHINDLER GROUP et al., Second Third-Party Defendants-Respondents; UNITED TECHNOLOGIES CORPORATION OF NEW YORK CITY et al., Second Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendants. (And an Additional Third-Party Action.) [905 NYS2d 215]—

In an action to recover damages for personal injuries, etc., (1) the defendant/second third-party plaintiff, Inclinator Company of America, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered November 5, 2008, as denied its motion for summary judgment dismissing the complaint and all counterclaims and cross claims insofar as asserted against it, (2) the plaintiffs Karl Bauerlein and Donna Bauerlein appeal from so much of the same order as denied their motion for summary judgment on the complaint against the defendant Salvation Army and denied their separate cross motion for summary judgment on the complaint against the defendant/second third-party defendant, Landmark Elevator Consultants, Inc., (3) the defendant Salvation Army appeals, as limited by its brief, from so much of the same order as denied its separate motions for conditional summary judgment on its cross claim for common-law indemnification against the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, the third-party plaintiff/second third-party defendant, Alliance Elevator Company, and the defendant/second third-party defendant, Landmark Elevator Consultants, Inc., (4) the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, and the third-party plaintiff/second third-party defendant, Alliance Elevator Company, appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were to dismiss the complaint insofar as asserted against the defendant Unitec Elevator Services Company, to dismiss the second third-party complaint insofar as asserted against Unitec Elevator Services, the second third-party defendants United Technologies Corporation of New York City and United Technologies Corporation of New York City and/or Unitec Elevator Services Company, and for leave to renew those branches of their motion which were for leave to amend the caption in the main, third-party, and second third-party actions

by deleting Unitec Elevator Services from the caption of the main action, deleting United Technologies Corporation of New York City and United Technologies Corporation of New York City and/or Unitec Elevator Services from the caption of the second third-party action, and substituting the name "Alliance Elevator Company, doing business as Unitec Elevator Company" for the name Alliance Elevator Company in the caption of the main, third-party, and second third-party actions, which had been denied in a prior order dated August 1, 2007, (5) the defendant/second third-party defendant Landmark Elevator Consultants, Inc., appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint, second third-party complaint, and all cross claims insofar as asserted against it, and (6) the second third-party defendant Sodexho appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, and the third-party plaintiff/second third-party defendant, Alliance Elevator Company, from so much of the order as denied those branches of their cross motion which were for leave to renew that branch of their motion which was for leave to amend the caption in the main action by deleting Unitec Elevator Services from the caption of the main action and substituting the name "Alliance Elevator Company, doing business as Unitec Elevator Company" for the name Alliance Elevator Company in the caption of the main action, and to dismiss the complaint insofar as asserted against Unitec Elevator Company is dismissed as academic, as the plaintiffs Karl Bauerlein and Donna Bauerlein have resolved those branches of the motion pursuant to a so-ordered stipulation of settlement dated June 18, 2009; and it is further,

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the motion of the defendant/second third-party plaintiff, Inclinator Company of America, Inc., which was for summary judgment dismissing the causes of action of the complaint alleging strict products liability based on defective design and manufacture, negligence, and breach of warranty insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, and the

third-party plaintiff/second third-party defendant Alliance Elevator Company which was to dismiss the second third-party complaint insofar as asserted against the second third-party defendants United Technologies Corporation of New York City and United Technologies Corporation of New York City and/or Unitec Elevator Services, and substituting therefor a provision granting that branch of the cross motion, (3) by deleting the provision thereof denying the cross motion of the defendant/second third-party defendant, Landmark Elevator Consultants, Inc., for summary judgment dismissing the complaint, second third-party complaint, and all cross claims insofar as asserted against it, and substituting therefor a provision granting the cross motion, and (4) by deleting the provision thereof denying the motion of the defendant Salvation Army for conditional summary judgment on its cross claim for common-law indemnification against the defendant Alliance Elevator Company, doing business as United Elevator Company, and the third-party plaintiff/second third-party defendant, Alliance Elevator Company, and substituting therefor a provision dismissing the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant/second third-party defendant, Landmark Elevator Consultants, Inc., payable by the plaintiffs Karl Bauerlein and Donna Bauerlein, the defendant Salvation Army, the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, and the third-party plaintiff/second third-party defendant, Alliance Elevator Company.

The plaintiff Karl Bauerlein (hereinafter the plaintiff) allegedly was injured on April 24, 2004, when a "personal residential elevator" called an "elevette" servicing only the 16th and 17th floors of a building owned and operated by the defendant Salvation Army (hereafter TSA), went up to the 17th floor, and then fell back to the 16th floor while he was inside. The plaintiff and his wife, suing derivatively, and Eric Rex commenced this action to recover damages for personal injuries. The plaintiff Eric Rex, who was also in the elevette when it fell, has settled and discontinued his claims.

"[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475 [1980]). The elevette manufacturer,

the defendant/second third-party plaintiff, Inclinator Company of America, Inc. (hereafter ICOA), established, prima facie, that subsequent modifications to the elevette after its installation in 1977 substantially altered the elevette, and that those alterations were a proximate cause of the plaintiff's injuries (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Patino v Lockformer Co.*, 303 AD2d 731 [2003]). Specifically, ICOA established that in May 2001 the elevette's cables were replaced by an employee working for the building's then elevator maintenance contractor, the defendant Alliance Elevator Group, LLC, also known as AEG, LLC, and attached to the elevette hitch plate with prohibited U-bolts, that eventually crushed and severed the cables, thereby causing the subject accident. In opposition to ICOA's prima facie showing, no triable issue of fact was raised. Further, it is undisputed that the breach of warranty cause of action asserted against ICOA was time-barred (*see* UCC 2-725; *Ito v Marvin Lbr. & Cedar Co.*, 54 AD3d 1001 [2008]). Accordingly, the Supreme Court should have granted that branch of ICOA's motion which was for summary judgment dismissing the causes of action alleging strict products liability based on defective design and manufacture, negligence, and breach of warranty, insofar as asserted against it.

ICOA also established, prima facie, that it owed no duty to warn elevator repair/service technicians against attaching the elevette's cable to the car hitch plate with U-bolts by submitting proof of an industry standard prohibiting U-bolts used in this fashion (*see Holloway v Willette Corp. of N.J.*, 280 AD2d 876 [2001]). In opposition, however, TSA raised a triable issue of fact, through its expert's affidavit and the deposition testimony of elevator repair/service technicians, establishing that the subject prohibited U-bolt use, is far from universally known among elevator repair/service technicians. Accordingly, the Supreme Court properly denied that branch of ICOA's motion which was for summary judgment dismissing the complaint to the extent it alleged failure to warn, and all cross claims and counterclaims insofar as asserted against it (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The elevator maintenance company for the subject building, as of October 2001, the defendant Alliance Elevator Company, doing business as Unitec Elevator Company, and the third-party plaintiff/second third-party defendant, Alliance Elevator Company (hereinafter together Alliance), established that the second third-party defendants United Technologies Corporation of New York City and United Technologies Corporation of New York City and/or Unitec Elevator Services were non-jural enti-

ties, as they were either renamed "Alliance" or are a "d/b/a" (doing business as) of Alliance. Accordingly, the Supreme Court should have granted that branch of Alliance's cross motion which was to dismiss the second third-party complaint insofar as asserted against the second third-party defendants United Technologies Corporation of New York City and United Technologies Corporation of New York City and/or Unitec Elevator Services (*see generally Sheldon v Kimberly-Clark Corp.*, 111 AD2d 912 [1985]). Contrary to Alliance's contention, it failed to offer a reasonable justification for its failure to submit the additional facts on the original motion for leave to amend the caption. Accordingly, that branch of its cross motion which was for leave to renew was properly denied by the Supreme Court (*see Elder v Elder*, 21 AD3d 1055 [2005]; *Matter of Leyberman v Leyberman*, 43 AD3d 925 [2007]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]; *Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622 [2004]).

The Supreme Court erred in denying the cross motion of the defendant/second third-party defendant, Landmark Elevator Consultants, Inc. (hereafter Landmark), for summary judgment dismissing the complaint, the second third-party complaint, and all cross claims insofar as asserted against it. Landmark performed a "Local Law 10" inspection of the elevette, on one occasion, on May 12, 2003, pursuant to a contract with Alliance (*see* Local Law No. 10 [1981] of City of NY). Landmark demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it owed no duty of care to the plaintiffs (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978 [2008]). In opposition to Landmark's prima facie showing, no triable issue of fact was raised (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]) as to whether Landmark, in allegedly failing to exercise reasonable care in the performance of its duties, "launch[ed] a force or instrument of harm" (*Altinma v East 72nd Garage Corp.*, 54 AD3d at 980 [internal quotation marks omitted]). The Supreme Court's determination that, among other things, a triable issue of fact existed as to whether Landmark negligently failed to discover the U-bolts, amounts to a finding that Landmark may have merely failed to become "an instrument for good," which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party (*id.* [internal quotation marks omitted]).

In view of our determination regarding Landmark's cross motion, TSA's cross motion for conditional summary judgment on its cross claim for common-law indemnification against Land-

mark, and the plaintiffs' cross motion for summary judgment on the complaint against Landmark, were properly denied.

The Supreme Court should not have addressed the merits of TSA's motion for conditional summary judgment on its cross claim for common-law indemnification against Alliance and should have dismissed that motion, as the motion was not properly served upon Alliance in accordance with CPLR 2103 (b) or 2214 (b) (*see Bianco v LiGreci*, 298 AD2d 482 [2002]).

The cross motion by the subject building's management company, the second third-party defendant Sodexho, for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it, was properly denied. Sodexho "failed to establish [its] prima facie entitlement to judgment as a matter of law. The evidence offered in support of [its] . . . motion[ ] failed to establish, prima facie, that the [elevette] was not defective, or that [it] had no actual or constructive notice of a defective condition" (*Kucevic v Three Park Ave. Bldg. Co., L.P.*, 55 AD3d 792, 793 [2008]; *see Dorsey v Les Sans Culottes*, 43 AD3d 261 [2007]).

The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on their claim pursuant to Multiple Dwelling Law § 78 insofar as asserted against TSA, premised upon TSA's nondelegable duty to maintain and repair the elevette on its premises, even though it had contracted with an elevator company to handle all maintenance and repair work (*see* Multiple Dwelling Law § 78; *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391 [2006]). In opposition, however, TSA demonstrated that triable issues of fact exist as to whether it had constructive notice of the subject defect in the elevette (*id.*). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on its Multiple Dwelling Law § 78 claim against TSA (*id.*). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.