■ PATRICIA BONO et al., Appellants, v HALBEN's TIRE CITY, INC., Doing Business as and Trading as THEO's CAR CARE CENTER and Another, Respondent, et al., Defendants. [924 NYS2d 497]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered February 16, 2010, which, upon an order of the same court dated January 6, 2010, granting the motion of the defendant Halben's Tire City, Inc., doing business as and trading as Theo's Car Care Center, doing business as and trading as Theo's Metro 25 Car Care Center, for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant Halben's Tire City, Inc., doing business as and trading as Theo's Car Care Center, doing business as and trading as Theo's Metro 25 Car Care Center, and against them dismissing the complaint insofar as alleged against that defendant.

Ordered that the judgment is affirmed, with costs.

On July 16, 2007, the plaintiff Patricia Bono (hereinafter the plaintiff), while operating her vehicle, allegedly was involved in an automobile accident at the intersection of Hawkins Road and Boyle Road in the Town of Brookhaven. As she attempted to proceed on Hawkins Road through the intersection with the green signal, her vehicle allegedly was hit by another vehicle, operated and owned by nonparty Philip Rose, which went through the red light on Boyle Road. According to a police accident report, Rose claimed that his vehicle's brakes failed, causing him to go through the red light and strike the plaintiff's vehicle.

Four days before the accident, Rose had brought his vehicle to the defendant Halben's Tire City, Inc. doing business as and trading as Theo's Car Care Center, doing business as and trading as Theo's Metro 25 Car Care Center (hereinafter Halben's), an automobile repair shop, because his brakes were not working properly. After Rose's vehicle was inspected by a Halben's mechanic, it was determined, inter alia, that the vehicle's rear brake lines had rotted, and Halben's replaced the brake lines. Afterwards, Rose was advised by the owner of Halben's that the master cylinder and the front tires also needed to be replaced. Rose drove his vehicle home without this additional work being performed.

The plaintiff and her husband, suing derivatively, commenced this action, against, among others, Halben's. Halben's then moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not owe a duty to the plaintiffs. The Supreme Court granted the motion.

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). " '[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 138; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]). Exceptions to this general rule are: "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257 [internal quotation marks, brackets and citations omitted]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Farrell v City of New York*, 85 AD3d 655, 655 [2d Dept 2011]).

The Supreme Court properly determined that Halben's established its prima facie entitlement to judgment as a matter of law on the ground that it did not owe a duty to the plaintiffs (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253 [2007]; *Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention that Halben's "launched a force or instrument of harm" by not replacing the master cylinder on Rose's vehicle prior to the accident and failing to warn him that his vehicle's brakes could fail without this repair, the evidence established that Halben's did not create or increase an unreasonable risk of harm to others, since it was uncontested that the brakes on Rose's vehicle were working at the time that Rose took his vehicle from Halben's, and Rose continued to drive the vehicle, without attempting to have it fixed in the days before the accident occurred despite noticing that the brakes were failing (*see Church v Callanan Indus.*, 99 NY2d at 111; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 980-981 [2008]). Moreover, the Supreme Court properly determined that the plaintiffs' expert's opinion failed to raise a triable issue of fact, as it was unsubstantiated and speculative, since it was based neither upon the deposition testimony of Halben's owner and Rose nor upon an inspection of Rose's vehicle (*see Rodrigues v Village of Ossining*, 76 AD3d 962, 962-963

[2010]; *see also Murphy v New York City Tr. Auth.*, 73 AD3d 1143 [2010]).

Accordingly, the Supreme Court properly granted Halben's motion for summary judgment dismissing the complaint as against it. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30043(U).]**