*890 In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Adams, J.), dated May 25, 2011, as, upon an order of the same court entered April 21, 2011, granting that branch of the motion of the defendant G&C Plumbing and Sewer Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against them, dismissing the complaint insofar as asserted against that defendant.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
“Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party” (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). In addition, “ ‘[a] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party’ ” (Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007], quoting Espinal v Melville Snow Contrs., 98 NY2d at 138; see Church v Callanan Indus., 99 NY2d 104, 111 [2002]). An exception to the general rule exists where the contractor launches an instrument of harm or creates or exacerbates a hazardous condition (Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 677 [2008]; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, the plaintiff alleged facts in her bill of particulars in support of her allegation that the defendant G&C Plumbing and Sewer Services, Inc. (hereinafter G&C), created or exacerbated the alleged dangerous condition. Thus, in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, G&C was required to establish, prima facie, that it did not create or exacerbate the alleged dangerous condition (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). G&C met this burden and established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor exacerbated the dangerous condition that allegedly caused the injured plaintiff to sustain injuries (id. at 214). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether G&C’s alleged negligence created or exacerbated the hazard which was a proximate cause of the injuries allegedly sustained so as to establish G&C’s duty to the injured plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d at 141-142; Foster v Herbert Slepoy Corp., 76 AD3d 210 [2010]).
*891 In light of our determination, we need not address the plaintiffs’ remaining contention regarding proximate cause. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.