In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated IVlay 19, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party” (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; see Benavides v 30 Brooklyn, LLC, 96 AD3d 889 [2012]). A contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d at 138; Benavides v 30 Brooklyn, LLC, 96 AD3d at 889). An exception to the general rule exists where the contractor “launches an instrument of harm or creates or exacerbates a hazardous condition” (Benavides v 30 Brooklyn, LLC, 96 AD3d at 890; see Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 677 [2008]; see also Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, in support of its motion for summary judgment dismissing the complaint, the defendant was required to establish, prima facie, that it did not create or exacerbate the alleged dangerous condition (see Benavides v 30 Brooklyn, LLC, 96 AD3d 889 [2012]). The defendant failed to meet this burden.
Since the defendant failed to meet its initial burden, the sufficiency of the plaintiffs opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
The defendant’s remaining contentions are without merit.
*687 Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Angiolillo, J.P, Austin, Sgroi and Miller, JJ., concur.