In an action to recover damages for wrongful death, etc., the defendants City of New York and the Department of Education of the City of New York appeal from so much of an order of the Supreme Court, Kings County (Silber, J), dated June 9, 2011, as granted those branches of the motion of the third-party defendants which were for summary judgment dismissing their cross claims against them, and denied their cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On September 13, 2006, the plaintiffs decedent, age 17, was electrocuted as he attempted to exit a schoolyard where he was trespassing after hours. The accident occurred when he came in contact with an improperly grounded exterior light fixture. The plaintiffs commenced this action against, among others, the Department of Education of the City of New York (hereinafter the DOE) and the City of New York (hereinafter together the City defendants) as owners and operators of the property, the New York City School Construction Authority (hereinafter the SCA), which was responsible for certain renovations, SEN Construction Corp. (hereinafter SEN), which was hired by the SCA to perform those renovations, and SEN’s subcontractor, Five Star Electric Corp. (hereinafter Five Star). The SCA and Five Star commenced a third-party action against Parsons Brinckerhoff/Ammann and Whitney, a joint venture, and the *933 members of the joint venture, alleging, inter alia, that the third-party defendants breached their contract with the SCA to perform certain inspection services for the SCA. The City defendants asserted cross claims against the third-party defendants, inter alia, for common-law indemnification and contribution.
The third-party defendants moved for summary judgment dismissing the City defendants’ cross claims, contending that they were only obligated to perform a visual inspection of school property. The City defendants cross-moved for summary judgment dismissing the complaint and cross claims insofar as asserted against them, claiming that they did not create the defects, or have actual or constructive notice of them. The Supreme Court granted the third-party defendants’ motion, concluding that their visual inspections would not have revealed the latent defects which caused the accident. The court denied the City defendants’ cross motion, concluding that they failed to establish as a matter of law that they did not create the defects, and there was an issue of fact as to whether the City defendants breached their duty to make a reasonable inspection of the lighting system.
To establish their entitlement to judgment as a matter of law, the City defendants had the initial burden of establishing that they neither created the dangerous condition nor had actual notice or constructive notice of its existence (see e.g. Schnell v Fitzgerald, 95 AD3d 1295 [2012]; Spindell v Town of Hempstead, 92 AD3d 669, 670-671 [2012]). The deposition testimony of an electrician with the DOE indicated that the defects that caused the accident existed since the fixtures were installed. The City defendants failed to establish who installed the defective electrical fixtures, and under what circumstances. Accordingly, they failed to establish as a matter of law that they did not create the defects (see Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 83 AD3d 817, 820 [2011]).
However, the Supreme Court properly granted that branch of the third-party defendants’ motion which was for summary judgment dismissing the cross claims asserted by the City defendants. The third-party defendants’ contract with the SCA stated that they were not required to test systems. Their electrical inspections were “visual only,” with some “sampling.” The third-party defendants were not required to undertake obligations which the contract did not require of them, such as comprehensive testing of all systems (see e.g. Kleinberg v City of New York, 27 AD3d 317 [2006]).
Moreover, the third-party defendants’ contractual duties to *934 the SCA would not, standing alone, subject them to tort liability to a third party, unless the third party detrimentally relied upon the continued performance of the third-party defendants’ duties, the third-party defendants launched a force or instrument of harm, or they displaced the landowner’s duty to maintain the premises in a safe condition (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; All Am. Moving & Stor., Inc. v Andrews, 96 AD3d 674, 675 [2012]; Bermingham v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership, 94 AD3d 1424, 1425 [2012]). A contract to inspect equipment generally does not launch an instrument of harm or displace the landowner’s duty to maintain the premises in a safe condition (see All Am. Moving & Stor., Inc. v Andrews, 96 AD3d at 675-676; Altinma v East 72nd Garage Corp., 54 AD3d 978, 980 [2008]). Further, the City defendants did not rely upon the third-party defendants’ inspections to determine what equipment required repairs. Rather, the SCA advised school custodians that the inspections were “visual evaluation^] ” of school buildings “to determine the capital rehabilitation needs of each school building.” Accordingly, the third-party defendants established their entitlement to judgment as a matter of law, and the opposing parties failed to raise a triable issue of fact.
The parties’ remaining contentions are without merit, or need not be addressed in light of our determination.
Rivera, J.R, Dickerson, Leventhal and Hinds-Radix, JJ., concur.