In an action to recover damages for personal injuries, the defendant Alliance Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered July 27, 2012, as denied those *840 branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims alleging breach of contract, common law indemnification, and contribution asserted against it by the defendant 84-06 109th Street, LLC.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly sustained injuries when, while he was a passenger in an elevator on premises owned by the defendant 84-06 109th Street, LLC (hereinafter the LLC), the escape hatch door and debris fell from the elevator’s ceiling onto him. The plaintiff commenced this action against the LLC and the defendant Alliance Elevator Company (hereinafter Alliance), an elevator service contractor which had a service contract with the LLC to service and maintain portions of the subject elevator during the time at issue, alleging that Alliance was negligent in its maintenance and repair of the elevator and “actively created the dangerous condition.” Alliance moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not owe or breach a duty to the plaintiff and that, in any event, its performance of its duties under the contract was not a proximate cause of the accident. Alliance also moved for summary judgment dismissing certain cross claims asserted against it by the LLC. The Supreme Court denied those branches of Alliance’s motion.
“ ‘Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party’ ” (Bono v Halben’s Tire City, Inc., 84 AD3d 1137, 1139 [2011], quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). “[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party” (Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]). Exceptions to this general rule exist “(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties[;] and (3) where the contracting party has entirely displaced the other party’s duty to maintain the premises safely” (Espinal v Melville Snow Contrs., 98 NY2d at 140 [citations and internal quotation marks omitted]).
Here, Alliance failed to meet its prima facie burden of demonstrating that no questions of fact existed as whether it failed to exercise reasonable care while repairing the subject elevator *841 and whether it thereby launched a force or instrument of harm that caused the accident (see id.; cf. Bauerlein v Salvation Army, 74 AD3d 851, 856 [2010]; Altinma v East 72nd Garage Corp., 54 AD3d 978, 980 [2008]). Since Alliance failed to meet its prima facie burden, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to Alliance’s contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the cross claim for common-law indemnification asserted against it by the LLC. Since there has been no finding yet with respect to any party’s liability for the accident, an award of summary judgment dismissing LLC’s cross claim for common-law indemnification would have been premature (see Fritz v Sports Auth., 91 AD3d 712, 714 [2012]; Martinez v City of New York, 73 AD3d 993, 999 [2010]).
Alliance’s remaining contentions are without merit or improperly raised for the first time on appeal (see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821 [2012]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.