SECOND DEPARTMENT, APRIL, 2015

(April 1, 2015)

■ JONATHAN BERGER, Appellant, v NYCO PLUMBING & HEATING CORP., Respondent. [7 NYS3d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 2, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence to the extent of precluding the plaintiff from offering evidence at trial regarding the condition of a certain coal chute cover and frame, and granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence to the extent of precluding the plaintiff from offering evidence at trial regarding the condition of a certain coal chute cover and frame, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff allegedly sustained injuries when he fell through a coal chute cover while exiting his parents' house. The plaintiff commenced this action against the defendant, which had been hired to perform certain plumbing work in the basement of the house 16 days prior to the accident. The plaintiff alleged that the defendant's employees failed to

properly replace the coal chute cover after removing it to access the basement.

After the completion of discovery, the defendant moved pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence, and for summary judgment dismissing the complaint on the ground that it owed no duty of care to the plaintiff and that there was no evidence that its employees had improperly replaced the coal chute cover. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence to the extent of precluding the plaintiff from offering evidence at trial regarding the condition of the coal chute cover and frame, and also granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The Court of Appeals has recognized three exceptions to this rule, only one of which is pertinent to this case. Under that exception, a party who enters into a contract to render services may be liable in tort to a third party "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launche[s] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Cioffi v Klein*, 119 AD3d at 888-889). Moreover, "a claim that a contractor exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 215 [2010]).

Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it owed no duty of care to the plaintiff (*see Bauerlein v Salvation Army*, 74 AD3d 851, 856 [2010]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 980 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant, in allegedly failing to exercise reasonable care in the performance of its work, " 'launche[d] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY at 168; *see Bauerlein v Salvation Army*, 74 AD3d at 856; *Altinma v East*

*72nd Garage Corp.*, 54 AD3d at 980). The plaintiff offered no evidence that the defendant left the coal chute in a more dangerous condition than it had found it (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]). Indeed, the plaintiff testified that after the defendant completed its work, he had walked over the coal chute cover twice a day up until the date of the accident and did not observe anything wrong with it. The plaintiff's mother similarly testified that she, too, had walked over the coal chute cover, without incident, after the defendant's work was completed. Furthermore, the plaintiff's contention that the defendant owed a duty to his parents to warn them about the allegedly deteriorating condition of the coal chute cover amounts to nothing more than an argument that the defendant merely failed to become "an instrument for good," which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party (*Moch Co. v Rensselaer Water Co.*, 247 NY at 168; *see Bauerlein v Salvation Army*, 74 AD3d at 856; *Altinma v East 72nd Garage Corp.*, 54 AD3d at 980). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

In light of our determination with respect to summary judgment, the issue regarding the remaining branch of the defendant's motion has been rendered academic. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.