▮ PASQUALE BARONE, Appellant, et al., Plaintiff, v JAY NICKERSON et al., Defendants, and BOYFRIEND FOR HIRE et al., Respondents. [32 NYS3d 663]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In an action to recover damages for personal injuries, etc., the plaintiff Pasquale Barone appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 4, 2014, as granted that branch of the motion of the defendants Boyfriend For Hire and Eli Ben-

Shoshan which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 6, 2010, Pasquale Barone (hereinafter the plaintiff) allegedly was injured when he tripped and fell while ascending an exterior stairway leading to a front porch and the entrance of a residence owned by Jay Nickerson and Katherine Fry (hereinafter together the property owners). The plaintiff alleged that he tripped on the top step of the exterior stairway and that he grabbed onto a handrail located on the porch, but the handrail "fell over." Prior to the plaintiff's alleged accident, the property owners had hired a contractor, Boyfriend For Hire, to replace the front porch and the subject step, which was falling apart. In order to replace the porch, Boyfriend For Hire had to remove the handrail from the porch and reattach it when the project was completed, which was in or around July 2009.

The plaintiff, and his wife suing derivatively, commenced this action against, among others, Boyfriend For Hire and Eli Ben-Shoshan, the president and sole shareholder of Boyfriend For Hire (hereinafter together the defendants). In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks, brackets and citations omitted]; *see Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955 [2016]). " 'As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those *Espinal* exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars' " (*Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2015], quoting *Glover v John Tyler Enters., Inc.*, 123 AD3d

882, 882 [2014]; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]).

Here, the plaintiff alleged facts in his complaint and bills of particulars in support of his assertion that the defendants created or exacerbated the alleged dangerous conditions and, thus, launched a force or instrument of harm. Therefore, in support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants were required to establish, prima facie, that they did not create or exacerbate the alleged dangerous conditions (*see Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d 734 [2015]; *Reece v J.D. Posillico, Inc.*, 131 AD3d 596, 597 [2015]; *Benavides v 30 Brooklyn, LLC*, 96 AD3d 889, 890 [2012]). The defendants met this burden and established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor exacerbated the dangerous conditions that allegedly caused the plaintiff to sustain injuries. The parties' deposition testimony established, prima facie, that the defendants did not leave the subject step or the handrail in a condition more dangerous than they had found them (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]; *Church v Callanan Indus.*, 99 NY2d 104, 112 [2002]; *Berger v NYCO Plumbing & Heating Corp.*, 127 AD3d 676, 677-678 [2015]; *492 Kings Realty, LLC v 506 Kings, LLC*, 105 AD3d 991 [2013]; *Benavides v 30 Brooklyn, LLC*, 96 AD3d at 890; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215). The plaintiff's contention that the defendants owed him a duty of care to replace the subject step so that the riser heights on the exterior stairway were all uniform, or to replace the handrail, is merely an argument that the defendants failed to become "an instrument for good," which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Berger v NYCO Plumbing & Heating Corp.*, 127 AD3d at 678; *Bauerlein v Salvation Army*, 74 AD3d 851, 856 [2010]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 980 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' alleged negligence created or exacerbated the alleged dangerous conditions. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.