Castillo v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 01593)





Castillo v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 01593


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-01320
 (Index No. 22684/11)

[*1]Lourdes Castillo, plaintiff, 
v
Port Authority of New York and New Jersey, respondent, et al., defendants, Cristi Cleaning Service Corp., et al., appellants.


Stewart H. Friedman, Garden City, NY (Robert F. Horvat of counsel), for appellant Cristi Cleaning Service Corp.
Morris Duffy Alonso & Faley, New York, NY (Elizabeth A. Filardi, Andrea M. Alonso, and Iryna S. Krauchanka of counsel), for appellant Five Star Parking.
James M. Begley, New York, NY (Cheryl N. Alterman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cristi Cleaning Service Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (D. Hart, J.), entered December 16, 2015, as denied its motion for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against it, and the defendant Five Star Parking separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of the defendant Cristi Cleaning Service Corp. which were for summary judgment dismissing the amended verified complaint and the cross claims of the defendant Port Authority of New York and New Jersey sounding in contribution and common-law indemnification insofar as asserted against it, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provisions thereof denying those branches of the motion of the defendant Five Star Parking which were for summary judgment dismissing the amended verified complaint and the cross claims of the defendant Port Authority of New York and New Jersey sounding in contribution and common-law indemnification insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, who was employed by an airline operating at LaGuardia Airport (hereinafter LaGuardia), allegedly was injured when she slipped on a patch of ice in the employee parking lot (hereinafter the parking lot) at LaGuardia as she was walking to her car. She commenced this action to recover damages for personal injuries, alleging common-law negligence and violation of Labor Law § 200.
Pursuant to a contract with the defendant Port Authority of New York and New Jersey [*2](hereinafter the Port Authority), the defendant Cristi Cleaning Service Corp. (hereinafter Cristi) had a contractual duty to perform janitorial and cleaning services and certain snow removal services which did not include removing snow and ice from the parking lot. Pursuant to a separate contract with the Port Authority, the defendant Five Star Parking (hereinafter Five Star) managed the parking lot. Five Star's contractual duties included, among other things, monitoring the condition of the parking lot, reporting snowy or icy conditions to the Port Authority, and removing snow and ice from certain exit lanes, but it did not have a duty to remove snow or ice from the parking lot.
In its verified answer, the Port Authority, among other things, asserted cross claims against Cristi and Five Star for contractual indemnification, common-law indemnification, breach of contract to procure liability insurance, and contribution. After discovery, Cristi and Five Star separately moved for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against each of them, contending that they did not have a duty to remove snow from the parking lot, and that they did not owe the plaintiff a duty of care. The Supreme Court denied Cristi's motion, concluding that Cristi had failed to demonstrate, prima facie, that its acts or omissions in its snow removal near the parking lot did not create the alleged icy condition on which the plaintiff fell. The court also denied Five Star's motion, concluding that Five Star had failed to demonstrate, prima facie, that it did not violate a duty "to plaintiff to take proper action by notifying the Port Authority of the alleged hazardous condition."
A contractual obligation, standing alone, does not generally give rise to tort liability in favor of a third party unless one of three exceptions applies: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citation and internal quotation marks omitted]; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611, 611-612; Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810).
The exceptions alleged in the pleadings with respect to Cristi and Five Star were that they launched an instrument of harm, and that their respective agreements with the Port Authority were comprehensive and exclusive such that they entirely displaced the Port Authority's duty to maintain the premises safely (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Therefore, in moving for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against them, Cristi and Five Star were required to address these exceptions by demonstrating, prima facie, that they did not launch a force or instrument of harm creating or exacerbating any allegedly dangerous condition, and that their contracts with the Port Authority were not comprehensive and exclusive.
"[A] claim that a contractor exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; see Foster v Herbert Slepoy Corp., 76 AD3d at 215). The submissions in support of their respective motions show that neither Cristi nor Five Star created or exacerbated the icy condition and thereby launched an instrument of harm. Rather, they merely failed to be " an instrument for good,' which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party" (Altinma v East 72nd Garage Corp., 54 AD3d 978, 980, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168; see Church v Callanan Indus., 99 NY2d 104, 112; Barone v Nickerson, 140 AD3d 1100, 1101; Braverman v Bendiner & Schelsinger, Inc., 121 AD3d 353, 360; Quinones v City of New York, 105 AD3d 932, 934; Vasquez v Port Auth. of N.Y. & N.J., 100 AD3d 442, 442; Bono v Halben's Tire City Inc., 84 AD3d 1137, 1139; Bauerlein v Salvation Army, 74 AD3d 851, 856). Therefore, they established their prima facie entitlement to judgment as a matter of law on this issue. In opposition, the Port Authority failed to raise a triable issue of fact that the acts or omissions of either Cristi or Five Star left the parking lot more dangerous than they found it.
The contracts between the Port Authority, Cristi, and Five Star were not comprehensive and exclusive property maintenance agreements intended to displace the Port [*3]Authority's general duty to keep the premises in a safe condition (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811-812; Henriquez v Inserra Supermarkets, Inc., 89 AD3d 899, 901-902; Shang Sook Min v ABM, Inc., 47 AD3d 699, 699). Therefore, Cristi and Five Star established their prima facie entitlement to judgment as a matter of law on this issue. The Port Authority failed to raise a triable issue of fact in opposition. The contractual duties of Cristi and Five Star to the Port Authority did not constitute duties to the plaintiff. Cristi's snow removal duties did not extend to the parking lot. The Port Authority argued, among other things, that Cristi breached a contractual duty to inspect the parking lot and to notify the Port Authority of any dangerous conditions. However, that alleged contractual duty did not extend to the plaintiff. Further, Five Star's alleged duty to notify the Port Authority of a snow and/or ice condition did not extend to the plaintiff.
Cristi and Five Star also established their prima facie entitlement to judgment as a matter of law dismissing the Port Authority's cross claims against them for contribution and common-law indemnification. To sustain its cross claim for contribution against Cristi or Five Star, the Port Authority was required to show that Cristi or Five Star, respectively, owed it a duty of reasonable care outside their respective contractual obligations, or that a duty was owed to the plaintiff as an injured party and that a breach of this duty contributed to the alleged injuries (see Baratta v Home Depot USA, Inc., 303 AD2d 434, 435). Here, the Port Authority's cross claims for contribution against Cristi and Five Star do not allege that they owed the Port Authority a duty outside of their contractual obligations, and neither Cristi nor Five Star owed the plaintiff a duty of care.
A party's right to indemnification may arise from a contract or may be implied "based upon the law's notion of what is fair and proper as between the parties" (Mas v Two Bridges Assoc., 75 NY2d 680, 690). "Implied[, or common-law,] indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other" (id. at 690, citing McDermott v City of New York, 50 NY2d 211, 216-217; see Rosado v Proctor & Schwartz, 66 NY2d 21, 24). Common-law indemnification is generally available "in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer" (Mas v Two Bridges Assoc., 75 NY2d at 690; see D'Ambrosio v City of New York, 55 NY2d 454, 460). Consistent with the equitable underpinnings of common-law indemnification, our case law imposes indemnification obligations upon those actively at fault in bringing about the injury, and, thus, reflects an inherent fairness as to which party should be held liable for indemnity (see e.g. Felker v Corning Inc., 90 NY2d 219, 226; Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 NY2d 17; Rogers v Dorchester Assoc., 32 NY2d 553, 556). Here, neither Cristi nor Five Star could be found liable by operation of law nor were they actively at fault in bringing about the injury.
Accordingly, the cross claims against Cristi and Five Star for contribution and common-law indemnification should have been dismissed (see Kane v Peter M. Moore Constr. Co., Inc., 145 AD3d 864, 869; Marquez v L & M Dev. Partners, Inc., 141 AD3d at 700; Guerra v St. Catherine of Sienna, 79 AD3d at 809).
The Supreme Court properly denied those branches of Cristi's and Five Star's motions which were for summary judgment dismissing the Port Authority's cross claims against them for contractual indemnification. "[A] party's right to contractual indemnification depends upon the specific language of the relevant contract" (Morris v Home Depot USA, 152 AD3d 669, 672; see Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d 1138, 1140; Desena v North Shore Hebrew Academy, 119 AD3d 631, 636). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Morris v Home Depot USA, 152 AD3d at 672 [internal quotation marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d at 1140; Roldan v New York Univ., 81 AD3d 625, 628). Here, the respective contracts contain identical indemnification provisions, which provide, in relevant part, that "to the extent permitted by law," Cristi and Five Star shall indemnify the Port Authority for all loss or damage incurred in connection with causes of action alleging personal injuries arising out of or in [*4]any way connected with those contracts. Although General Obligations Law § 5-322 bars agreements that indemnify a party for its own negligence, since the indemnification provisions at issue here expressly state that they apply only "to the extent permitted by law," those provisions are enforceable (see Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 774; Giangarra v Pav-Lak Contr., Inc., 55 AD3d 869, 870-871).
Cristi and Five Star failed to eliminate all triable issues of fact as to whether they breached their contractual duties to the Port Authority. Accordingly, the Port Authority's cross claims for contractual indemnification against Cristi and Five Star should not be dismissed regardless of the sufficiency of the Port Authority's opposition papers (see Marquez v L & M Dev. Partners, Inc., 141 AD3d at 700; Guerra v St. Catherine of Sienna, 79 AD3d at 809-810; Patterson v New York City Tr. Auth., 5 AD3d 454, 455).
Cristi and Five Star also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Port Authority's cross claims against them alleging breach of contract for their failure to procure insurance, as neither of them submitted any evidence demonstrating that they procured an insurance policy as required by their respective contracts with the Port Authority. Accordingly, these cross claims should not be dismissed regardless of the sufficiency of the Port Authority's opposition papers (see Simmons v Berkshire Equity, LLC, 149 AD3d 1119, 1121).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court