■ KAREN CURRY et al., as Administratrices of the Estate of STEVAN BRETT CURRY, Deceased, Appellants, v 1716 AVENUE T REALTY, LLC, Respondent. (And a Third-Party Action.) (Action No. 1.) DAWN MCLAUGHLIN, Appellant, v 1716 AVENUE T REALTY, LLC, Respondent. (Action No. 2) [933 NYS2d 342]—

In the early morning hours of June 2, 2007, a fire broke out in an apartment unit of a building in Brooklyn owned by the defendant, 1716 Avenue T Realty, LLC. As of that date, the plaintiff Dawn McLaughlin had leased the apartment from the defendant for approximately 10 years. Stevan Brett Curry (hereinafter the decedent) had lived in the apartment with McLaughlin for virtually her entire tenancy. As a result of the fire, McLaughlin allegedly sustained personal injuries and the decedent died.

In action No. 1, the administrators of the decedent's estate (hereinafter the Estate) sought to recover damages from the defendant, inter alia, for personal injuries and wrongful death. In action No. 2, McLaughlin (hereinafter together with the Estate,

the plaintiffs) sought to recover damages from the defendant, among other things, for negligence. The actions were joined for trial. In both actions, the plaintiffs alleged, inter alia, that the defendant negligently failed to provide an operational smoke detector in the apartment. The defendant separately moved for summary judgment dismissing the complaint in each of the two actions. The Supreme Court granted the motions. We affirm.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law in both actions by submitting the deposition testimony of the building's superintendent and McLaughlin, which together demonstrated that the defendant complied with Administrative Code of the City of New York § 27-2045 (a) (1) in that the apartment contained an operational smoke detector at the time McLaughlin began her tenancy (*see* Administrative Code of City of NY § 27-2045 [a] [1]; *Carter v Grenadier Realty*, 83 AD3d 640, 641 [2011]; *Fairclough v 679 Magenta*, 309 AD2d 619 [2003]; *Fields v S & W Realty Assoc.*, 301 AD2d 625 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motions for summary judgment dismissing the complaints. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.