In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an *747 order of the Supreme Court, Queens County (Kerrigan, J.), entered November 2, 2011, as granted those branches of the motion of the defendants City of New York, United States Tennis Association, Inc., and USTA National Tennis Center, Incorporated, the separate motion of the defendant ADCO Electrical Corp., and the separate motion of the defendant J.H. Mack, LLC, which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against each of them, and (2) from an order of the same court entered January 25, 2012, which denied that branch of his motion which was for leave to renew and, in effect, upon reargument, adhered to its original determination in the order entered November 2, 2011.
Ordered that the appeal from the order entered November 2, 2011, is dismissed, as that order was superseded by so much of the order entered January 25, 2012, as was made upon reargument; and it is further,
Ordered that the order entered January 25, 2012, is modified, on the law, by deleting the provision thereof, in effect, upon re-argument, adhering to the determination in the order entered November 2, 2011, granting that branch of the motion the defendant ADCO Electrical Corp. which was for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against it, and substituting therefor a provision, in effect, upon reargument, vacating that determination and thereupon denying that branch of the motion; as so modified, the order entered January 25, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants City of New York, United States Tennis Association, Inc., and USTA National Tennis Center, Incorporated, and the defendant J.H. Mack, LLC, appearing separately and filing separate briefs, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant ADCO Electrical Corp.
In August 2008, the plaintiff was working as a culinary supervisor for a food-service contractor in the kitchen area of a recently constructed building on the grounds of the National Tennis Center in Corona, Queens, which was owned by the defendant City of New York and leased to the defendant USTA National Tennis Center, Incorporated (hereinafter NTC). The defendant United States Tennis Association, Inc. (hereinafter USTA), was on the site preparing for the U.S. Open tennis tournament. On August 21, 2008, in an office in the kitchen area, the plaintiff attempted to plug his cell phone charger into an outlet, and allegedly sustained a severe electrical shock. *748 Subsequently, he commenced this action, inter alia, to recover damages for common-law negligence against the City, USTA, and NTC (hereinafter collectively the City defendants), J.H. Mack, LLC (hereinafter Mack), the general contractor responsible for the construction of the new building, and ADCO Electrical Corp. (hereinafter ADCO), the subcontractor responsible for installing the electrical system in the new building.
The city defendants moved, among other things, for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against them, and ADCO and Mack each separately moved, among other things, for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against each of them. In an order entered November 2, 2011, the Supreme Court granted the respective motions. Thereafter, the plaintiff moved for leave to reargue and renew. In an order entered January 25, 2012, the Supreme Court denied renewal and, in effect, upon, reargument, adhered to its original determination.
The Supreme Court properly granted those branches of the city defendants’ motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against them. Liability can be imposed upon a landowner or a lessee who creates a defective condition on the property, or had actual or constructive notice of the defective condition (see Sanchez v 1710 Broadway, Inc., 79 AD 3d 845, 846 [2010]; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730 [2008]). The city defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that they did not create or have actual or constructive notice of the allegedly defective condition which caused the plaintiff’s injuries (see Sanchez v 1710 Broadway, Inc., 79 AD3d at 846). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted those branches of Mack’s motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against it. Ordinarily, the breach of a contractual obligation is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting parties (see Lotz v Aramark Servs., Inc., 98 AD3d 602, 603 [2012]). However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, be potentially liable in tort to third persons when the contracting party, in failing to exercise reasonable care in the performance *749 of its duties, launches an instrument of harm or creates or exacerbates a hazardous condition (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Gushin v Whispering Hills Condominium I, 96 AD3d 721, 722 [2012]). Mack demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff was not a party to its contract with NTC and that it did not owe him a duty of care (see Brathwaite v New York City Hous. Auth., 92 AD3d 821, 823 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Mack launched an instrument of harm or created or exacerbated a hazardous condition, as he failed to raise a triable issue as to whether Mack was in any way involved in the allegedly defective installation of the electrical system in the subject building.
However, the Supreme Court erred in granting those branches of ADCO’s motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against it. ADCO demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to its subcontract with Mack, and, thus, that it owed him no duty of care (see Petito v City of New York, 95 AD3d 1095, 1096 [2012]; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). In opposition, however, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether ADCO negligently failed to install ground fault circuit interrupters (hereinafter GFCIs) in the kitchen area of the building, and thereby created the allegedly hazardous condition which caused his injuries. Contrary to ADCO’s contention, the affidavit of the plaintiffs expert was not inadequate on the ground that the expert relied solely upon, among other things, the affidavits of the plaintiffs witnesses and photographs, and did not personally inspect the premises (see Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104, 1105-1106 [2010]; Torres v W.J. Woodward Constr., Inc., 32 AD3d 847, 849 [2006]; Ealey v City of New York, 16 AD3d 543, 543-544 [2005]). Moreover, the affidavit from a witness that he had never observed GFCIs in the kitchen area was not incompetent because he was not an electrician (see Senecal v Drollette, 304 NY 446, 449 [1952]). Indeed, the witness stated that he was familiar with GFCIs through his work.
The Supreme Court properly denied that branch of the plaintiffs motion which was for leave to renew his opposition to the motions of the city defendants and Mack, and properly, in effect, upon reargument, adhered to its prior determination with respect to those defendants.
*750 The parties’ remaining contentions either are without merit or need not be reached in view of our determination. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.