■ SEETA WILLIAMS, Appellant, v YANG QI NAIL SALON, INC., et al., Respondents. [979 NYS2d 625]—

The plaintiff allegedly was injured when a wet ceiling tile fell from the drop ceiling inside the defendant Yang Qi Nail Salon, Inc. (hereinafter the salon). The salon, operated by its principal, the defendant Dabing Yang, was located on premises owned by the defendant Middle Country Road Realty, LLC (hereinafter Middle Country). Neither Yang, who was in the salon on a daily basis over the preceding several months and who was present on the date of the accident, nor the plaintiff, who had come to the salon twice a month for one or two years prior to the accident, noticed any dripping water, discoloration, wetness, or other abnormality in the interior ceiling tile prior to the accident. After the tile fell, Yang climbed a ladder and noticed two very small holes in the metal decking of the roof, which was two to three feet above the ceiling tiles.

Yang and the salon (hereinafter together the Yang defendants) moved, and Middle Country separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that they had no notice of the allegedly defective condition. In opposition, the plaintiff asserted that the doctrine of res ipsa loquitur applied to Middle Country, but did not contest the issue of notice as to the Yang defendants or Middle Country. The Supreme Court granted those branches of the respective motions, determining, among other things, that the defendants established, prima facie, that they had no notice and that the plaintiff failed to raise a triable issue of fact in opposition.

Liability can be imposed upon a landowner or a lessee who

creates a defective condition on the property, or had actual or constructive notice of the defective condition (*see Johnson v City of New York*, 102 AD3d 746, 748 [2013]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]).

The Yang defendants established, through their own deposition testimony, their prima facie entitlement to judgment as a matter of law by presenting evidence that they did not create or have actual or constructive notice of the defective condition which allegedly caused the plaintiff's injuries (*see Johnson v City of New York*, 102 AD3d at 748; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d at 846). In opposition, the plaintiff failed to raise a triable issue of fact.

Middle Country, however, failed to establish its prima facie entitlement to judgment as a matter of law. Middle County, which was obligated to make any necessary repairs to the roof pursuant to the terms of the relevant lease, did not submit any evidence to show that the alleged defect in the roof was not visible or apparent from the exterior. Moreover, in order to meet its initial burden on the issue of lack of constructive notice, Middle Country was required to "offer some evidence as to when the area in question was last . . . inspected relative to the [accident]" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Pastore v Western Beef, Inc.*, 110 AD3d 860, 860 [2013]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]). Middle Country failed to meet that burden. In light of Middle Country's failure to meet its prima facie burden, we need not consider the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied that branch of Middle Country's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's contention that a triable issue of fact exists as to the Yang defendants' negligence under the doctrine of res ipsa loquitur, raised for the first time on appeal, is not properly before this Court (*see Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931, 932 [2012]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.