In an action, inter alla, to recover damages for wrongful death, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J), dated March 8, 2012, as denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Contrary to the defendant’s contention, it failed to establish that it installed an operational smoke detector in the subject apartment in compliance with section 27-2045 (a) (1) of the Administrative Code of the City of New York prior to the subject fire on February 17, 2008 (cf. Vanderlinde v 600 W. 183rd St. Realty Corp., 101 AD3d *696 583 [2012]; Curry v 1716 Ave. T Realty, LLC, 89 AD3d 978, 979 [2011]; Carter v Grenadier Realty, 83 AD3d 640, 641 [2011]; Fairclough v 679 Magenta, 309 AD2d 619, 620 [2003]; see also Peyton v State of Newburgh, Inc., 14 AD3d 51, 53 [2004]; Fields v S & W Realty Assoc., 301 AD2d 625 [2003]; Acevedo v Audubon Mgt., 280 AD2d 91, 94 [2001]).
The defendant also failed to establish its prima facie entitlement to judgment as a matter of law on the basis that any alleged failure to install an operational smoke detector was not a proximate cause of the decedent’s death and of the other plaintiffs’ alleged injuries (see generally Pappalardo v Long Is. R.R. Co., 36 AD3d 878, 880 [2007]; Croce v Budget Rent-A-Car Corp., 7 AD3d 748 [2004]).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiffs to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Rivera, J.E, Lott, Roman and Cohen, JJ., concur. [Prior Case History: 35 Misc 3d 697.]