■ SALVATORE CIOFFI, Respondent, v RONALD KLEIN et al., Appellants, and C & J CONSTRUCTION & LANDSCAPING, INC., Respondent. [989 NYS2d 868]—

In an action to recover damages for personal injuries, the defendants Ronald Klein and Stephanie Muller appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated June 13, 2013, as denied their motion, in effect, for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a deliveryman, allegedly was injured when he tripped and fell over a height differential between the roadway and the lip of a driveway as he attempted to deliver a package to the residence of the defendants Ronald Klein and Stephanie Muller (hereinafter together the homeowners). The plaintiff commenced this action against the homeowners and the defendant C & J Construction & Landscaping, Inc. (hereinafter C & J), contending that this height differential was a dangerous condition. During the trial on the issue of liability, the plaintiff elicited testimony that the homeowners had retained C & J to renovate the subject driveway, which abutted the roadway, and that the work was completed about five months prior to the accident. The old lip of the driveway consisted of cement and the new lip of the driveway consisted of rose-colored cobblestones.

According to Gabriel Gouveia, an inspector for the Town of Greenburgh Department of Public Works, the lip of the driveway belonged to both the homeowners and the Town and, for drainage purposes, the Town did not allow the lip of the driveway to be made flush with the roadway. The plaintiff testified that he frequently traversed this driveway to deliver packages to the homeowners' residence. Prior to the accident, he never had a problem stepping over the lip of the old driveway or the new driveway.

At the close of evidence, C & J moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it, and that motion was granted. The homeowners then moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, and that motion was denied. The jury then reached a verdict, finding that the plaintiff was 50% at fault and the homeowners were 50% at fault in the happening of the accident.

The homeowners subsequently moved, in effect, for a new trial. They argued that the Supreme Court should have denied C & J's motion pursuant to CPLR 4401 for judgment as a mat-

ter of law dismissing the complaint insofar as asserted against it and the cross claims asserted against it by the homeowners. In their reply papers, the homeowners raised the argument that their own motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them should have been granted on the ground that there was no hazardous condition on the premises.

The Supreme Court denied the homeowners' motion, in effect, for a new trial, determining, inter alia, that "[t]here was no testimony before the court that a dangerous condition even existed, let alone that the contractor launched an instrument of harm." The trial court did not address the homeowners' contention that their motion pursuant to CPLR 4401 should have been granted.

The Supreme Court properly denied the homeowners' motion, in effect, for a new trial. Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The Court of Appeals has recognized three exceptions to this rule, only one of which is pertinent to this case. Under that exception, a party who enters into a contract to render services may be liable in tort to a third party "where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' " (*id.* at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). Here, the plaintiff failed to establish, prima facie, that C & J launched an instrument of harm (*see Davies v Ferentini*, 79 AD3d 528, 529-530 [2010]; *LaMoy v MH Contrs., LLC*, 78 AD3d 1311, 1312-1314 [2010]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1055 [2008]; *see also Peluso v ERM*, 63 AD3d 1025, 1025-1026 [2009]). Accordingly, the Supreme Court properly granted that branch of C & J's motion which was for judgment as a matter of law dismissing the complaint insofar as asserted against it.

The Supreme Court also properly granted that branch of C & J's motion which was for judgment as a matter of law dismissing the cross claims asserted against it by the homeowners. As the Supreme Court recognized, there was no evidence that the lip of the driveway was in a hazardous condition. The lip of the driveway was not chipped or broken, and it was not in violation of any applicable statute, code, or regulation.

With respect to the homeowners' contention that their motion pursuant to CPLR 4401 should have been granted, since this issue was only raised in the homeowners' reply papers and the Supreme Court did not entertain the argument, it is not

properly before this Court on this appeal (*see Hayes v Barroga-Hayes*, 103 AD3d 777, 778 [2013]; *M.V.B. Collision, Inc. v Rovt*, 101 AD3d 830, 832 [2012]; *Stock v Morizzo*, 92 AD3d 672, 673 [2012]; *Goldman v A&E Club Props., LLC*, 89 AD3d 681, 683 [2011]). Therefore, we do not reach the merits of the homeowners' argument. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.