■ PEDRO TORRES, Plaintiff, v 63 PERRY REALTY, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. NAZIM SULI CONTRACTING, INC., Third-Party Defendant-Respondent. [1 NYS3d 142]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated April 30, 2012, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the third-party defendant which was for summary judgment dismissing the first cause of action in the third-party complaint, which sought contribution, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendants/third-party plaintiffs.

As the plaintiff was walking down a staircase from the third floor to the second floor of a building owned by the defendant 63 Perry Realty, LLC, and managed by the defendant SJR Management Co., LLC (hereinafter together the building defendants), he stepped onto a marble landing and the landing collapsed beneath him, causing him to fall to the landing below. The plaintiff commenced this action against the building defendants to recover damages for the injuries he allegedly sustained. Thereafter, the building defendants commenced a third-party action against Nazim Suli Contracting, Inc. (hereinafter Suli), the contractor that replaced the marble slab of the subject landing in September 2005, approximately 22 months prior to the accident. The third-party complaint asserted causes of action alleging contribution, common-law and contractual indemnification, and failure to procure insurance. Suli moved for summary judgment dismissing the third-party complaint, and the Supreme Court granted the motion.

The Supreme Court properly granted that branch of Suli's motion which was for summary judgment dismissing the third-party cause of action alleging common-law indemnification. Since the plaintiff's complaint and the bills of particulars alleged that the building defendants were liable for their own active negligence, and not based on vicarious liability or a nondelegable duty, the building defendants would not be entitled to common-law indemnification (*see Great Am. Ins. Cos. v Bearcat Fin. Servs., Inc.*, 90 AD3d 533, 533 [2011]; *Nesterczuk v Goldin Mgt., Inc.*, 77 AD3d 800, 805 [2010]; *Esteva v Nash*, 55 AD3d 474, 475 [2008]; *Mathis v Central Park Conservancy*, 251 AD2d 171, 172 [1998]). In opposition, the building defendants failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of Suli's motion which was for summary judgment dismissing the third-party cause of action alleging contractual indemnification. "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (*Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656, 658 [2014]). Here, in support of its motion, Suli submitted the deposition testimony and affidavit of its principal, as well as the invoice for Suli's replacement of the marble in 2005, contending that it was the only contract between the parties. The invoice contained no language constituting Suli's agreement to indemnify the defendants. Moreover, the Supreme Court properly granted that branch of Suli's motion which was for summary judgment dismissing the third-party cause of action alleging failure to procure insurance, as the invoice contained no language by which Suli agreed to procure insurance (*see Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]). In opposition, the building defendants failed to raise a triable issue of fact.

However, the Supreme Court erred in granting that branch of Suli's motion which was for summary judgment dismissing the third-party cause of action alleging contribution. Ordinarily, the breach of a contractual obligation is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *Johnson v City of New York*, 102 AD3d 746, 748 [2013]; *Lotz v Aramark Servs., Inc.*, 98 AD3d 602, 603 [2012]). However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, would be potentially liable in tort to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches an instrument of harm or creates or exacerbates a hazardous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Cioffi v Klein*, 119 AD3d at 888; *Johnson v City of New York*, 102 AD3d at 748-749; *Ferguson v TEMCO*, 100 AD3d 686, 686 [2012]). Here, Suli demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that it properly installed the marble slab, that it never received any complaints about the work prior to the accident, and that no defects in the marble were observed prior to the accident. However, in opposition, the plaintiff and the building defendants raised a triable issue of fact as to whether Suli created the hazardous condition that caused the accident through the affidavit of an experienced marble setter and installer. That expert explained that marble could weaken over time due to stress fractures, and opined that Suli should have supported the

marble slab with an additional "angle iron" in the center of the slab, and that Suli's failure to do so was a substantial contributing factor in the happening of the accident (*see Johnson v City of New York*, 102 AD3d at 749). Accordingly, the court should have denied that branch of Suli's motion which was for summary judgment dismissing the third-party cause of action for contribution.

The parties' remaining contentions are either improperly raised for the first time on appeal or without merit. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.