■ GREG SCOTT, Appellant, v 11 WEST 19TH ASSOCIATES, LLC, et al., Respondents. [4 NYS3d 235]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered February 1, 2013, as granted that branch of the motion of the defendant Polar Mechanical Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and those branches of the separate cross motions of the defendant 11 West 19th Associates, LLC, and the defendant Tory Burch, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a fire inspector employed by the New York City Fire Department, commenced this action to recover damages for personal injuries he allegedly sustained when he fell off an I-beam located on the roof of a building owned by the defendant 11 West 19th Associates, LLC (hereinafter West 19th). At the time of accident, the plaintiff was attempting to inspect heating, ventilation, and air conditioning units (hereinafter HVAC units) which belonged to the defendant Tory Burch, LLC (hereinafter Tory Burch), a tenant in the building. The HVAC units were installed by the defendant Polar Mechanical Corp. (hereinafter Polar) pursuant to an installation and maintenance contract with Tory Burch.

In support of those branches of their separate motion and cross motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). With regard to Tory Burch and West 19th, liability can be imposed upon a landowner or a lessee who creates a defective condition on the property or had actual or constructive notice of the defective condition (*see Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 844-845 [2014]; *Johnson v City of New York*, 102 AD3d 746, 748 [2013]). Here, even if a hazardous or defective condition existed, Tory Burch and West 19th made a prima facie showing that they neither created any alleged hazardous condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]). These defendants also established that they complied with Administrative Code of the City of New York § 606.5 (*see generally DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799, 801 [2013]; *Curry v 1716 Ave. T Realty, LLC*, 89 AD3d 978, 979 [2011]), and that Administrative Code of the City of New York § 306.5 was inapplicable to the facts of this case. In opposition, the plaintiff failed to raise

a triable issue of fact. The affidavit of the plaintiff's expert was conclusory and, thus, insufficient to raise a triable issue of fact (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]; *Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 837 [2012]).

With regard to Polar, the Supreme Court providently exercised its discretion in considering Polar's motion for summary judgment even though Polar failed to submit a copy of the pleadings with its motion papers (*see Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 691 [2014]; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]). On the merits, Polar demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to Polar's contract with Tory Burch to install and maintain the HVAC units, and that it therefore owed no duty of care to the plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether any of the recognized exceptions to *Espinal* were applicable. Accordingly, the Supreme Court properly awarded the defendants summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.