◼ KAREN GUADALUPI, Plaintiff, v JOSEPH J. MORELLI et al., Defendants/Third-Party Plaintiffs-Appellants. ROBERT A. DOVI

et al., Third-Party Defendants-Respondents. (And Another Title.) [7 NYS3d 477]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated July 30, 2013, as granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party cause of action for contribution.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party cause of action for contribution is denied.

The plaintiff allegedly was injured when she fell as she walked down steps leading from premises owned by the defendants/third-party plaintiffs, Joseph J. Morelli, Barbara M. Wirostko, and JRJ Realty No. 1, LLC (hereinafter collectively the defendants). The plaintiff commenced this action against the defendants, alleging that they were negligent in, among other things, failing to comply with various building codes. Thereafter, the defendants commenced a third-party action against Robert A. Dovi, individually (hereinafter Dovi), and Robert A. Dovi, doing business as Robert A. Dovi Construction, for contribution and common-law indemnification. Dovi was hired by the defendants to perform repairs to the steps prior to the accident.

The third-party defendants moved for summary judgment dismissing the third-party complaint. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the third-party cause of action for contribution. The defendants appeal from that portion of the order, and we reverse insofar as appealed from.

"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (*Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]; *see Siegl v New Plan Excel Realty Trust, Inc.*, 84 AD3d 1702, 1703 [2011]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]).

Ordinarily, the breach of a contractual obligation is not suf-

ficient in and of itself to impose tort liability upon the promisor to noncontracting parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *Johnson v City of New York*, 102 AD3d 746, 748 [2013]; *Lotz v Aramark Servs., Inc.*, 98 AD3d 602, 603 [2012]). However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, be potentially liable in tort to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches an instrument of harm or creates or exacerbates a hazardous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Torres v 63 Perry Realty, LLC*, 123 AD3d 911, 913 [2014]; *Cioffi v Klein*, 119 AD3d at 888).

Here, the third-party defendants established their prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contribution by presenting evidence demonstrating that they exercised reasonable care in the performance of their duties and did not launch an instrument of harm or create or exacerbate a hazardous condition (*see Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1009 [2012]). In opposition, however, the defendants raised a triable issue of fact as to whether the third-party defendants negligently performed repairs and, thereby, created a hazardous condition which caused the plaintiff to fall. Accordingly, the Supreme Court should have denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party cause of action for contribution. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.