In an action to recover damages for personal injuries, the defendants Lincoln Plaza Associates South, Lincoln Plaza Associates South, LLC, and Milford Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), entered June 4, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims for indemnification against the defendant Red Cap Services, Ltd., and granted that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability against Milford Management Corp.
Ordered that the appeal by the defendants Lincoln Plaza Associates South and Lincoln Plaza Associates South, LLC, from so much of the order as granted that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability against Milford Management Corp. is dismissed, as those defendants are not aggrieved by that portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Lincoln Plaza Associates South, Lincoln Plaza Associates South, LLC, and Milford Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendants Lincoln Plaza Associates South and Lincoln Plaza Associates South, LLC, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendants Lincoln Plaza Associates South, Lincoln Plaza Associates South, LLC, and Milford Management Corp. which was for summary judgment on their cross claims for common-law indemnification against the defendant Red Cap Services, Ltd., and substituting therefor provisions granting that branch of the motion insofar as asserted by the defendant Milford Management Corp., and denying, as academic, that branch of the motion insofar as asserted by the defendants Lincoln Plaza Associates South and Lincoln Plaza Associates South, LLC, and (3) by deleting the provision thereof granting that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability against the de *753 fendant Milford Management Corp., and substituting therefor a provision denying that branch of the plaintiff’s cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the appellants.
The subject accident took place on the sidewalk abutting premises located at 30 West 63rd Street in Manhattan, which is known as 30 Lincoln Plaza (hereinafter the building). The plaintiff was injured when a squeegee, which was being used by an employee of the defendant Red Cap Services, Ltd. (hereinafter Red Cap), to clean the building’s windows, fell from a scaffold and struck him. Red Cap was hired by the defendant Milford Management Corp. (hereinafter Milford), which managed the building. The defendants Lincoln Plaza Associates South and Lincoln Plaza Associates South, LLC (hereinafter together the Lincoln defendants), owned the land upon which the building was located, but did not own the building, which was owned by nonparty S&P Associates of New York (hereinafter S&P). The plaintiff commenced this action to recover damages for personal injuries against, among others, the Lincoln defendants and Milford (hereinafter collectively the appellants). In the order appealed from, the Supreme Court, inter alia, denied the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability against Milford. We modify.
Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144 [2003]; see also Basso v Miller, 40 NY2d 233, 241 [1976]). That duty is premised on the landowner’s exercise of control over the property, as “the person in possession and control of property is best able to identify and prevent any harm to others” (Butler v Rafferty, 100 NY2d 265, 270 [2003]). However, a landowner who has transferred possession and control over the property generally is not liable for injuries caused by dangerous conditions on the property (see Chapman v Silber, 97 NY2d 9, 19 [2001]).
Here, the Lincoln defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they owned the land but not the building on which the work leading to the plaintiff’s injury was being performed, and that they had no control over Red Cap’s work at the building. In opposition to the Lincoln defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact.
*754 Milford established its prima facie entitlement to judgment as a matter of law by submitting proof that Red Cap was an independent contractor and, thus, it could not be held liable for Red Cap’s negligent acts (see Jackson v Conrad, 127 AD3d 816 [2015]), and that, as S&P’s contractual managing agent, it owed no duty to the plaintiff (see Scott v 11 W. 19th Assoc., LLC, 125 AD3d 749 [2015]; Johnson v City of New York, 102 AD3d 746, 749 [2013]). However, in opposition, the plaintiff raised triable issues of fact as to whether Milford owed a nondelegable duty to the plaintiff because it knew or had reason to know that the work it hired Red Cap to perform was inherently dangerous to pedestrians in the absence of warning signs or barriers on the sidewalk below the window-washing apparatus (see Luksik v 27 Prospect Park W. Tenants Corp., 19 AD3d 557 [2005]; Tytell v Battery Beer Distrib., 202 AD2d 226 [1994]), and whether the property management services agreement with S&P was sufficiently comprehensive and exclusive so as support a duty running to the plaintiff (see Ortiz v Gun Hill Mgt., Inc., 81 AD3d 512 [2011]; Giarratani v We’re Assoc., Inc., 29 AD3d 946 [2006]; Tushaj v Elm Mgt. Assoc., 293 AD2d 44 [2002]). Accordingly, that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Milford was properly denied. For similar reasons, the plaintiff failed to establish his entitlement to judgment as a matter of law on the issue liability against Milford.
Milford established its entitlement to judgment as a matter of law on its cross claim against Red Cap for common-law indemnification, and Red Cap failed to raise a triable issue of fact in opposition thereto. The order appealed from granted the plaintiff’s motion for summary judgment on the issue of liability against Red Cap, a determination which is not at issue on this appeal. Thus, if it is determined that Milford is liable to the plaintiff, its liability will only be vicarious. Accordingly, Milford is entitled to summary judgment on its cross claim for common-law indemnification against Red Cap (see Mas v Two Bridges Assoc., 75 NY2d 680, 687-689 [1990]; Kavanaugh v Nussbaum, 71 NY2d 535 [1988]; Beck v Woodward Affiliates, 226 AD2d 328, 331 [1996]).
Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.