■ JODY PUGACH, P.C., Respondent, v GINA BURGOS, Appellant. [19 NYS3d 430]—In an action to recover legal fees, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated June 28, 2013, which denied her motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint awarding it the sum of $25,398.88, with interest from July 30, 2012.

Ordered that the order is affirmed, with costs.

The plaintiff (hereinafter the law firm) represented the defendant in an underlying action for a divorce and ancillary relief. The clear and unambiguous language of the retainer agreement executed by the defendant provided that, if the court directed the defendant's spouse to pay all or part of the defendant's legal fees, the defendant would be credited with any amount collected from that spouse, and the defendant would be liable for any balance due to the law firm for legal fees. After the law firm obtained a judgment against the defendant's spouse for legal fees and was unsuccessful in its attempts to execute on the judgment, it sought, and was awarded, a charging lien in the sum of $25,398.88. Accordingly, the Supreme Court properly granted the law firm's cross motion for summary judgment on the complaint in the amount of legal fees

earned, plus interest as accrued (*see Ruffer v 1701 Albemarle Owners Corp.*, 248 AD2d 255 [1998]).

The defendant's contentions regarding an election of remedies and novation are raised for the first time on appeal and, therefore, are not properly before this Court (*see e.g. Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176 [2015]; *Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.