Cavounis v Figli Di San Gennaro, Inc. (2018 NY Slip Op 05747)





Cavounis v Figli Di San Gennaro, Inc.


2018 NY Slip Op 05747


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-11397
 (Index No. 23035/13)

[*1]Sypros Cavounis, appellant, 
v
Figli Di San Gennaro, Inc., et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (Adam Nichols of counsel), for appellant.
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York, NY (Robert W. Gifford of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated August 9, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
During the afternoon of September 15, 2013, at the San Gennaro Feast (hereinafter feast) in Manhattan, the plaintiff allegedly was injured when an aluminum awning that had been covering a feast kiosk fell on him. The kiosk was owned by Anthony DiBenedetto, who, on July 1, 2013, had applied to Figli di San Gennaro, Inc. (hereinafter Figli), the producer of the 2013 feast, to be a vendor. DiBenedetto was later approved by the New York City Department of Investigation to serve as a vendor at the 2013 feast.
In December 2013, the plaintiff commenced an action against Figli, and in March 2014, he commenced a separate action against DiBenedetto. In an order dated October 22, 2014, the Supreme Court consolidated both actions. After the plaintiff filed a note of issue and certificate of readiness in October 2015, Figli and DiBenedetto (hereinafter together the defendants) moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, granted the defendants' motion.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence, including DiBenedetto's affidavit, that they neither created nor had actual or constructive notice of any defective or dangerous condition that allegedly caused the plaintiff's injuries (see Williams v Yang Qi Nail Salon, Inc., 113 AD3d 843; Quinones v Federated Dept. Stores, Inc., 92 AD3d 931). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Furthermore, in opposition to the defendants' prima facie showing that the doctrine of res ipsa loquitur is inapplicable to this case, the plaintiff failed to raise a triable issue of fact (see Ramjohn v Port Auth. of N.Y. & N.J., 151 AD3d 1090, 1092; Doxey v Freeport Union Free Sch. Dist., 115 AD3d 907, 909; see generally Dermatossian v New [*2]York City Tr. Auth., 67 NY2d 219).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court