Watro v Nassau Boces Bd. of Coop. Educ. Servs. (2021 NY Slip Op 02837)





Watro v Nassau Boces Bd. of Coop. Educ. Servs.


2021 NY Slip Op 02837


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-11633
 (Index No. 4157/13)

[*1]Glenn Watro, appellant, 
v
Nassau Boces Board of Cooperative Educational Services, respondent.


Shawn N. Watro, East Rockaway, NY, for appellant.
Silverman & Associates, White Plains, NY (Gerald S. Smith of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Civil Service Law § 75-b, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated September 19, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2005, the plaintiff was hired by the defendant as an auto parts storekeeper in the defendant's transportation department. The transportation department provides buses for the students in the BOCES program. The plaintiff's responsibilities included inventorying and ordering auto parts, and supplying them to the mechanics who maintained the buses. The plaintiff testified at his deposition that in 2009, he and two colleagues became concerned about improprieties occurring in the transportation department. On November 5, 2009, the three men met with representatives in the defendant's human resources (hereinafter HR) department. About two weeks after the meeting with HR, the plaintiff began to be harassed and threatened by other employees and supervisors. The plaintiff reported this to HR, but nothing was done. The plaintiff also claimed that he was no longer allowed to work overtime, and that, beginning in 2010, his work phone and computer were taken away from him and he was told by management that he was no longer permitted to talk to vendors. At some point in the first half of 2012, the plaintiff's hours were cut by 50%. In July 2012, the position of auto parts storekeeper was eliminated and the plaintiff was terminated.
On April 8, 2013, the plaintiff commenced this action against the defendant alleging that, in violation of Labor Law § 740, his termination was retaliation for his complaints to HR in November 2009. Thereafter, the plaintiff amended his complaint to allege a violation of Civil Service Law § 75-b. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
Civil Service Law § 75-b, also known as the whistle-blowing statute, provides that "[a] public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee . . . because the employee discloses to a governmental body information: [*2](i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes [a violation of any federal, state or local law, rule or regulation]" (Civil Service Law § 75- b[2][a]).
In order to maintain a Civil Service Law § 75-b cause of action, a plaintiff must commence the action "within one year after it accrues" (Donas v City of New York, 62 AD3d 504, 505; see Civil Service Law § 75-b[3][c]). Here, the plaintiff commenced this action on April 8, 2013, and, therefore, only the retaliatory acts that were alleged to have occurred on or after April 8, 2012, may be considered as timely. Contrary to the plaintiff's contention, the allegedly retaliatory acts which took place in 2009 and 2010 were insufficient to establish a viable claim of a continuing violation and, therefore, the continuing violation doctrine did not toll the running of the statute of limitations (see Peckham v Island Park Union Free Sch. Dist., 167 AD3d 641, 641-642).
Civil Service Law § 75-b(4) further provides that nothing in that statute prohibits any "personnel action which otherwise would have been taken regardless of any disclosure of information." Here, the defendant established its prima facie entitlement to summary judgment by showing that it terminated the plaintiff for budgetary reasons. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's contention that the defendant improperly relied on unsigned and uncertified deposition transcripts, raised for the first time on appeal, is not properly before this Court (see Jody Pugach, P.C. v Burgos, 133 AD3d 823, 824).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court