Payne v Murray (2021 NY Slip Op 05576)





Payne v Murray


2021 NY Slip Op 05576


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-03381
 (Index No. 2146/07)

[*1]Stepp Payne, et al., appellants,
v
George Alfred Murray, etc., et al., defendants, Keyspan Energy Delivery, et al., respondents.


Antin, Ehrlich & Epstein, LLP (Anthony V. Gentile, Scott W. Epstein, and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent Keyspan Energy Delivery.
Baxter, Smith & Shapiro, P.C., Hicksville, NY (Tod S. Fichtelberg of counsel), for respondent Harris Water Main and Sewer Contractors.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 26, 2018. The order granted the separate motions of the defendant Keyspan Energy Delivery and the defendant Harris Water Main and Sewer Contractors for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendant Keyspan Energy Delivery and the defendant Harris Water Main and Sewer Contractors for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On April 18, 2004, the plaintiff Stepp Payne (hereinafter the plaintiff) allegedly was injured when a piece of the facade of a brownstone building located on Grand Avenue in Brooklyn dislodged and hit him. The plaintiff, and his wife suing derivatively, commenced the instant action against the defendants Keyspan Energy Delivery (hereinafter Keyspan) and Harris Water Main and Sewer Contractors (hereinafter Harris), among others, alleging, inter alia, that their construction/excavation work in the street in the days prior to the accident created the dangerous condition by loosening the brownstone material and causing it to fall. Thereafter, Keyspan and Harris separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions. We reverse.
Keyspan established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, through the submission of, inter alia, an affidavit of a professional engineer, that its work in the roadway did not create the alleged dangerous condition (see McGee v City of New York, 161 AD3d 1062, 1062; Cruz v [*2]Keyspan, 120 AD3d 1290, 1291). However, in opposition, the plaintiffs raised triable issues of fact by submitting, inter alia, an affidavit from a professional engineer that rebutted the opinion of Keyspan's expert. Accordingly, the Supreme Court should have denied Keyspan's motion for summary judgment dismissing the complaint insofar as asserted against it.
The Supreme Court also should have denied Harris's motion for summary judgment dismissing the complaint insofar as asserted against it. Harris contracted with the building owners to complete work on a broken pipe connecting the building to the sewer line in the middle of the street. A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "[A]n exception to this rule applies where the contracting party, in failing to exercise reasonable care in the performance of contractual duties, launches a force or instrument of harm, such as by creating or exacerbating a dangerous condition" (Eliav v Parker Queens, LP, 175 AD3d 1245, 1246; see Espinal v Melville Snow Contrs., 98 NY2d at 140). The plaintiffs alleged that the vibrations from Harris's work in the roadway created or exacerbated the alleged dangerous condition on the facade of the subject building. Harris's submissions, which did not include an expert affidavit from a professional engineer, were insufficient to establish, prima facie, that its work in the roadway did not create or exacerbate the dangerous condition (see Mathey v Metropolitan Transp. Auth., 95 AD3d 842, 844). Accordingly, Harris's summary judgment motion should have been denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court