Osipova v Silverberg (2021 NY Slip Op 07292)





Osipova v Silverberg


2021 NY Slip Op 07292


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-03175
 (Index No. 501494/12)

[*1]Lyudmila Osipova, appellant, 
v
Lawrence Silverberg, defendant-respondent; Wolf & Fuhrman, LLP, nonparty-respondent.


Lyudmila Osipova, Brooklyn, NY, appellant pro se.
Kaufman, Borgeest & Ryan, LLP, Garden City, NY (Shannon Henderson and Jacqueline Mandell of counsel), for defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 19, 2019. The order, insofar as appealed from, denied the plaintiff's motion, in effect, to set aside a stipulation of settlement dated May 11, 2018.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2012, the plaintiff commenced an action against the defendant, inter alia, to recover damages for podiatric malpractice. On May 11, 2018, after the trial had commenced, the plaintiff entered into a stipulation of settlement in open court resolving the action. The plaintiff thereafter refused to execute the settlement documents, and moved, in effect, to set aside the stipulation of settlement. In an order dated February 19, 2019, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
"Stipulations of settlement, especially those whose terms are placed on the record in open court, are judicially favored, and absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (Perry v McMahan, 164 AD3d 1490, 1491; see Esposito v Podolsky, 104 AD3d 903, 905; Kelley v Chavez, 33 AD3d 590, 591). "It is the party seeking to set aside the stipulation of settlement who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (Sweeney v Sweeney, 71 AD3d 989, 992). "[A]n agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart" (Warren v Rabinowitz, 228 AD2d 492, 493). Here, the plaintiff failed to allege sufficient grounds to set aside the stipulation of settlement into which she entered in open court.
Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to set aside the stipulation of settlement.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court