Petersen v Forest City Ratner Cos., LLC (2022 NY Slip Op 02032)





Petersen v Forest City Ratner Cos., LLC


2022 NY Slip Op 02032


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-09632
 (Index No. 20679/12)

[*1]Scott Petersen, et al., appellants, 
v
Forest City Ratner Companies, LLC, et al., defendants, Drywall & Acoustics of Northeast, Inc., respondent.


The Toner Law Group, PLLC, New York, NY (Stephen B. Toner, Josh H. Kardisch, and Sullivan, Papain, Block, McGrath Coffinas & Cannavo P.C. [Brian Shoot], of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Steven D. Zecca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Wayne P. Saitta. J.), entered July 10, 2019. The judgment, insofar as appealed from, upon an order of the same court (David B. Vaughan, J.) dated May 18, 2018, inter alia, granting that branch of the motion of the defendant Drywall & Acoustics of Northeast, Inc., which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, which had been denied in an order of the same court dated January 16, 2018, and, upon reargument, in effect, vacating that portion of the order dated January 16, 2018, and thereupon granting that branch of the prior motion, is in favor of the defendant Drywall & Acoustics of Northeast, Inc., and against the plaintiffs dismissing the common-law negligence cause of action insofar as asserted against it.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff Scott Petersen was employed as a job-site superintendent by nonparty E.C. Provini Co., Inc. (hereinafter Provini), which, in 2012, served as the general contractor on a project to build retail space at a shopping mall. In connection with that project, Provini subcontracted with the defendant Drywall & Acoustics of Northeast, Inc. (hereinafter Drywall), to perform carpentry work, which included constructing and placing a large temporary barricade for the period during which the mall was under construction. According to Petersen, during the course of the project, bracing installed on the barricade by Drywall had to be removed and replaced by another subcontractor in order for that subcontractor to be able to perform its work on the storefront. On the day that Provini was scheduled to take down the barricades, Petersen was removing a lock from the door of one of the barricades when the barricade fell on top of him, and injured him.
Petersen, and his wife suing derivatively, commenced this action against Drywall, among others, alleging, inter alia, that Drywall was negligent in failing to follow architectural plans regarding the manner in which the barricades were to be braced. After discovery, Drywall moved, [*2]among other things, for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. After that branch of its motion was denied in an order dated January 16, 2018, Drywall moved, inter alia, for leave to reargue that branch of its summary judgment motion. In an order dated May 18, 2018, the Supreme Court granted Drywall leave to reargue and, upon reargument, in effect, vacated so much of the January 16, 2018 order as denied that branch of Drywall's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, and thereupon, granted that branch of the motion. Thereafter, a judgment was entered on July 10, 2019, in favor of Drywall and against the plaintiffs, inter alia, dismissing that cause of action. The plaintiffs appeal.
A motion for leave to reargue must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in granting leave to reargue, as it had overlooked or misapprehended the issue of whether Drywall owed a duty of care to the plaintiffs, which had been raised by Drywall in its summary judgment motion.
A contractual obligation to perform work, standing alone, generally will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Butnik v Luna Park Hous. Corp., 200 AD3d 993, 994; Payne v Murray, 198 AD3d 795, 796). Insofar as is relevant here, an exception to this general rule applies where the contracting party, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm, such as by creating or exacerbating a dangerous condition (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Butnik v Luna Park Hous. Corp., 200 AD3d at 994; Payne v Murray, 198 AD3d at 796).
Here, Drywall demonstrated, prima facie, that, although the bracing of the barricade had to be removed and replaced to allow another subcontractor to perform its work, Drywall's installation of the bracing did not create a risk that the barricade would topple or otherwise create or exacerbate a dangerous condition (see Butnik v Luna Park Hous. Corp., 200 AD3d at 995). Furthermore, the plaintiffs' contention that Drywall was negligent in failing to correct the manner in which another subcontractor braced the barricade after removing Drywall's bracing "is merely an argument that [Drywall] failed to become 'an instrument for good,' which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party" (Barone v Nickerson, 140 AD3d 1100, 1102, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168; see Berger v NYCO Plumbing & Heating Corp., 127 AD3d 676, 678).
The plaintiffs' remaining contentions are without merit.
Accordingly, upon reargument, the Supreme Court properly granted that branch of Drywall's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court