Jimenez v Kela Tennis, Inc. (2026 NY Slip Op 01775)

Jimenez v Kela Tennis, Inc.

2026 NY Slip Op 01775

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-06646
 (Index No. 70397/18)

[*1]Carlos Jimenez, appellant, 
vKela Tennis, Inc., etc., et al., defendants, Arizon Building Systems, respondent.

Law Office of Patrick J. Mullaney, P.C. (Kenneth J. Gorman and Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Cipriani & Werner, P.C., Syosset, NY (Jessica Montello Isaacs, Kenneth B. Danielsen, and Sean Hutchinson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated August 30, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Arizon Building Systems which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while walking across an uninflated fabric cover for an air-supported structure, more commonly known as a dome or a bubble (hereinafter the bubble), which was being installed to cover multiple tennis courts owned by the City of Mount Vernon and leased by the defendant Kela Tennis, Inc. The bubble was manufactured by the defendant Arizon Building Systems (hereinafter Arizon). Arizon entered into a contract with the defendant Dome Assembly Contractors, LLC, to install the bubble, and Arizon entered into another contract with a nonparty to supervise the installation of the bubble.
The plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that Arizon was negligent. Arizon moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it owed no duty to the plaintiff. In an order dated August 30, 2021, the Supreme Court, inter alia, granted that branch of Arizon's motion. The plaintiff appeals.
The Supreme Court properly granted that branch of Arizon's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Generally, a contractual obligation will not give rise to tort liability in favor of a third party (see Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 842; Butnik v Luna Park Hous. Corp., 200 AD3d 993, 994). "However, insofar as relevant here, the Court of Appeals has recognized an exception to this general rule where the contracting party, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm" (Butnik v [*2]Luna Park Hous. Corp., 200 AD3d at 994; see Espinal v Melville Snow Contrs., 98 NY2d at 138). "Uniformly, a launch of a force or instrument of harm has been interpreted as requiring that the contractor create or exacerbate the dangerous condition" (Santos v Deanco Servs., Inc., 142 AD3d 137, 141). "Launch is an action verb, requiring by definition evidence that the contractor affirmatively left the premises in a more dangerous condition than it was found" (id. at 142).
Here, contrary to the plaintiff's contention, Arizon demonstrated, prima facie, that it did not create or exacerbate the allegedly dangerous condition (see Butnik v Luna Park Hous. Corp., 200 AD3d at 995; Santos v Deanco Servs., Inc., 142 AD3d at 143; Miller v Infohighway Communications Corp., 115 AD3d 713, 715). Arizon's submissions established that it was not installing or supervising the installation of the bubble and that such work was performed by its independent contractors (see Butnik v Luna Park Hous. Corp., 200 AD3d at 995; Shusterich v Kleinman, 171 AD3d 1236, 1237; Miller v Infohighway Communications Corp., 115 AD3d at 713). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court